Good morning, counsel. This is 522-0184, People v. Christopher Anthony. I've got Mr. Jackson here on behalf of the appellant and Ms. Harrington on behalf of the state appellee. I'm just, as I've told the other attorneys, thank you for your patience with us this morning as we try our new Zoom card and hybrid proceedings this morning. If for any reason you have any difficulty hearing, seeing, or have any problems, please bring that to our attention. Knock on wood, we haven't had those yet this morning. But if we do, please let us know so we can make sure to get those taken care of. So with all that being said, Mr. Jackson, are you ready to proceed? I am, thank you. Go right ahead. Thank you. Good morning, your honors, and good morning, counsel. My name is Ian Jackson, and I represent the petitioner appellant, Christopher Anthony. This case is relatively simple. It's about allegations of very serious police misconduct, suppressing written statements, and coercing three alibi witnesses into silence. Mr. Anthony's post-conviction petition presents affidavits from these witnesses. They allege that they were with Mr. Anthony at his home at the time of the crime, which is consistent with Mr. Anthony's trial testimony that he was at home with family. These witnesses also allege that members of law enforcement with professed ties to the murder victim's family and ties that are further shown by sentencing letters, that these officers suppressed the alibi statements they provided after Mr. Anthony was charged, and that officers additionally terrorized them into keeping silent about their knowledge of the case. Now, this court is tasked with reviewing the dismissal of Mr. Anthony's post-conviction petition at the second stage. So, the allegations of this misconduct must be liberally construed, and they also must be taken as true. Additionally, this court's review is de novo. So, taking Mr. Anthony's three alibi affidavits as true, Mr. Anthony has made a substantial showing that the state violated his right to due process by committing a Brady violation, and that he is actually innocent. This court should thus reverse and remand for an evidentiary hearing. So, these two distinct issues revolve around basically the same facts, and I'd like to discuss the Brady issue first. That was the second issue in the briefs, but I am happy to answer any questions as they arise. So, for Brady, the state does not contest two of the three elements of the claim. Those elements are whether the evidence was favorable and whether it was suppressed by the state. So, here the evidence was favorable because it was exculpatory. One alibi affidavit would satisfy that, but here there are three. Additionally, the evidence was suppressed by the state, either by police or by prosecutors. That means these statements were not disclosed, and furthermore, that these witnesses were not made available in any way or disclosed because they were intimidated from coming forward anymore. So, the third and final element of Brady is where the dispute remains. Was the evidence material? And the answer to that is yes. Now, here, materiality in a Brady claim is a little different than materiality for an actual innocence claim. For Brady, materiality is essentially a question of prejudice. With the suppressed favorable evidence, is there a reasonable probability of a different outcome at trial? Or, put another way, does this evidence put the case in a different light and undermine confidence in the outcome? This is comparable language to what we see for the prejudice requirement in an effective assistance of counsel claim. So, really, less than a 50% chance of a different outcome is sufficient. And here, the suppressed alibi evidence produces a much greater chance of acquittal than that. Again, these affidavits must be taken as true because they are not positively rebutted by the record. Taken as true, they are believed. Because they are believed, then Mr. Anthony was not present at the crime scene, and he was misidentified. Critically with this, there was no physical evidence that tied Mr. Anthony to the scene that could override this conclusion. So, again, was there a reasonable probability that Mr. Anthony would have been found not guilty at trial with these alibi witnesses? Yes, absolutely. He's made a substantial showing of a Brady violation and is entitled to an evidentiary hearing on that claim. Mr. Jackson, on your issue of materiality and prejudice, if the evidence in the case was overwhelming, what effect, if any, does that have on the prejudice issue? So, just to be clear, Mr. Anthony does not agree with the state that the evidence was overwhelming. But say it were, say the evidence were overwhelming, that does not defeat the claim because even evidence that was overwhelming is now being viewed along with this other substantial evidence that contradicts the state's evidence and supports the defense's theory of the case. And so, evidence that was overwhelming is certainly not guaranteed to remain overwhelming. And even if the evidence could still be sufficient to convict, sufficient to convict, that is not a barrier to an evidentiary hearing. It's actually not even a barrier to a new trial being ordered at the conclusion of an evidentiary hearing. So, you think a third-stage evidentiary hearing can go forward even if there's no materiality under Brady? I mean, what would be the constitutional claim that you would go forward on? My position, Your Honor, is that both claims, the Brady claim and the actual innocence claim, merit an evidentiary hearing. And so, as far as materiality... But if the evidence is overwhelming, assume hypothetically that we found it was, would you say that there's still a materiality issue? My position is that the evidence is material, meaning even if the evidence were overwhelming, this new evidence means there is a reasonable probability that he could be found not guilty at a new trial. So, yes, the materiality element is satisfied by this evidence. Okay, thank you. Does that answer your question? Okay. If there are not further questions on Brady, I'll take a couple minutes here to talk about actual innocence. Justice Welch, do you have any questions at this time? No questions. Let's go on. Okay. Go right ahead, Mr. Lee. I'm sorry. Mr. Jackson. That's all right. Thank you. So, the State, for actual innocence, then, the State concedes two of the four factors of Mr. Anthony's actual innocence claim. The State agrees that the witnesses were material, which in this kind of context means they were relevant and probative of his innocence. The State also agrees that these witnesses were not cumulative to the trial evidence because it adds to what was before the fact finder. It substantially corroborated Mr. Anthony's trial testimony. The State does contest, though, that this was newly discovered evidence, and it was of such a conclusive character as to probably change the result on retrial. Briefly on conclusivity, the law on this is contained in Mr. Anthony's briefs. Conclusivity for actual innocence is more than a reasonable probability of a different outcome, as for Brady, but it's less than a certainty of a different outcome. The evidence does not have to be dispositive. And, of course, that is not what this Court is deciding, whether this is dispositive at the second stage. It's in between that a different outcome is probable. And so here again, even if the evidence was overwhelming, three alibi witnesses with this consistent and completely exonerating testimony taken as true, meaning they are believed, that satisfies the conclusivity problem. You keep calling them witnesses. They didn't testify, did they? Right. I'm saying, I guess I'm using that as a shorthand for proposed witnesses. Yes. Thank you. Yeah, they did not testify. So they're not witnesses. They are. They're affiance. Yes. Thank you. So just got about a minute here. I'll touch briefly on newly discovered. Yes, Mr. Jackson, please do. I don't understand how they can be newly discovered if he was sitting on the couch next to them at the time the crime was committed. So newly discovered is a bit of a term of art. Back in people v. Washington, where the Supreme Court recognized that a post-conviction petition is an appropriate venue or avenue for an actual innocence claim, it was just called new evidence. But new, newly discovered, the key is that it was unavailable. This evidence was unavailable at the time of trial, and that it could not have been made available sooner through the exercise of due diligence. And so the affidavits themselves really address those questions. These affiants say that they were not available because they tried to come forward, but then the police terrorized them into silence. It provided each of them written statements, but as we know, those were not at all used at trial. And I see my time is up. I can address that some more in rebuttal. Go right ahead and finish your thought. Well, just to wrap then. Crucially, these affidavits must be taken as true. They are not positively rebutted by the record, and they show a substantial showing of two grave constitutional violations that led to his convictions and decades in prison, that being the state-suppressed exculpatory evidence and that he is actually innocent. And so this Court should reverse and remand for an evidentiary hearing for a final airing on these claims. Thank you. Thank you, Mr. Jackson. Before we move on, Justice Cates or Justice Welsh, do you have any questions at this time? I'm going to wait for rebuttal. Okay. Thank you. No questions. All right. Thank you. And also, Mr. Jackson, you will have that time for rebuttal. Ms. Harrington, go right ahead. Oh, you're muted. Oh, you're muted. Apologize. I just saw that. Good morning, Your Honors. Counsel, may it please support. My name is Lynn Harrington, and I represent the people of the State of Illinois. Your Honors, it is clear from the case law and the record here that the post-conviction court properly dismissed defendant's second amended successive post-conviction petition on both grounds, his actual innocence claim and his claim of a Brady violation. I'd first like to address the fact that counsel seems to be arguing that because these affidavits stated what they stated, all the other unanswered questions or the requirements needed to prove an actual innocence case, they can be fleshed out in an evidentiary hearing. Unfortunately, that's not the law. However, if that were the case, every single time the defendant filed an affidavit or filed an affidavit from anybody or hear his family members stating exactly what was stated here, oh, well, let's just move it on to the third stage evidentiary hearing. Instead, defendant had the burden to prove the elements of an actual innocence claim, and he failed to do so. I'd like to first point out that there's actually three requirements of an actual innocence claim, not four, but I do understand counsel's point with regard to that the state is not concerned with whether this material may be cumulative or material. However, it is absolutely clear that the defendant failed to show that this evidence was newly discovered and that it would have probably changed the results on trial. With regard to newly discovered, the most important part of that requirement is that the defendant has a burden to show due diligence. Due diligence has been defined as whether the evidence discovered after trial could not have been discovered prior to trial through the exercise of due diligence. So what do we do to figure this out? We look at the affidavits, the family affidavits. None of them, the mother, the brother, nor the cousin ever averred that the defendant asked them to testify at trial. This is huge because we know defendant testified at trial that he was at home having a family gathering with family, didn't mention who, did mention his children, but here we have in the affidavits, they never said they were asked to testify at trial. Obviously, he knew they could have provided alibi defenses because he was the person at this home and he testified that they were there. In addition, his first post-conviction petition was filed in 1997, but if you look at those affidavits, his family also said, oh, yeah, he asked us in 1997 to provide an alibi, but we were too afraid of the police at that time. That was never said. And in People v. Snow, the 4th District has held that if the defendant had an opportunity to bring forward the evidence at an earlier post-conviction proceeding and he didn't, then he didn't use due diligence. It's the affidavits you look at. Simply because we take the allegations in the affidavit as true does not mean that it automatically gets bumped to a third-stage evidentiary hearing. Next, Your Honor, it is also clear that the result on retrial probably would not have been different. There was overwhelming evidence that the defendant's guilt here. We have Sabrina Cozy, who was the arms robbery victim and the fiancé of the murder victim. She identified the defendant in a photo lineup and she identified him in court. Cozy also identified the other co-defendant, Keon Rose, in a photo lineup. With regard to Ms. Wang's testimony, she first, she was a Chinese restaurant employee, she first identified the defendant in a photo lineup saying, that's the gentleman who pointed a gun at me in the restaurant.  However, Ms. Wang, as clear from the trial testimony, did not identify the defendant at trial. Why? We don't know. Was she afraid of the defendant? Maybe. That's what a trier of fact is to do. And here this was a bench trial. The trial court judge could look at this woman and decide, I don't know if her testimony is credible here, she seems afraid. We don't know. But either way, we still have her saying at the get-go that this man held a gun and pointed it at me on the night in question. Keon Rose is arrested two weeks after the murder and the arms robbery and the gun is found within 10 to 15 feet. I believe he was, the police told him to get down on the floor on the grass and he was lying on the grass and the gun was 10 to 15 feet away. The trial court could make a very reasonable inference that he was running, the police said stop, he threw the gun as he got on the floor. That's determination for the trier of fact. So we've got that. Then we had an expert testify at trial that the bullets that were found in the defendant's body, a bullet found in the defendant's body and a bullet found in the Chinese restaurant, came from the gun that was found 10 to 15 feet away from Keon Rose, who, again, Sabrina Cozy identified. There is no way, based on all this evidence, that if the affidavits of defendant's mother, brother, and cousin was admitted in evidence at retrial, a trier of fact would have found him not guilty. So as a matter of law, he has not proven both the first prong and the third prong of his actual innocence case. Turning to his Brady violation, first I wanted to make clear that in the record, defendant alleges that since this case went to second stage, he passed the cause and prejudice test. And a review of the record indicates that that is simply inaccurate. In 2010, the defendant filed his post-conviction petition, and he said in the very first paragraph, I'm bringing up one issue here, newly discovered evidence. So the post-conviction court properly identified this as an actual innocence claim. So if it's actual innocence, it goes to the second stage. We can't now say that it met the cause and prejudice stage. We know, as a matter of fact, if a trial court is calling it actual innocence, then it bypasses the cause and prejudice. But, of course, as I mentioned in my brief, this is a de novo standard of review. So if this court finds that the Brady violation should have been determined, first whether it should have been entertained under the cause and prejudice test, either way, he loses. Here, cause has been identified as if a defendant can identify an objective factor that impeded his ability to raise the claim during the initial proceedings. But at trial, the defendant, again, knew his family could provide an alibi because that was his testimony. But, again, the defendants, the affidavits don't avert anything about, oh, the defendant asked us repeatedly, we felt really bad, but we didn't want to tell him that the police were threatening us. None of that, none of those factual allegations are in there. In fact, the affidavits from the family members themselves, oh, again, in 1997, they don't allege that the defendant asked them in 1997 to provide alibi affidavits to attach the post-conviction petition. So for all these reasons, he's failed to prove cause, Your Honors. Turning to prejudice, again, defendant must demonstrate that the claim not raised during the initial proceedings so infected the trial that the conviction violated due process. And I believe counsel said, although it's something about looking at the evidence in a new light, he also noted that you look at whether the probability of the result on retrial would have been different. And for all the reasons that the State has already set out with regard to the overwhelming evidence of guilt here, the defendant has also not proven prejudice. Does the defendant have to prove prejudice or is the defendant's argument of materiality more important? Thank you, Your Honor. The people should have said first, if he's arguing cause and prejudice, here's why he loses. But assuming it was properly before the post-conviction court, he did not prove a brave violation. And there's three components to a brave violation. The first is that the evidence is exculpatory or impeaching. Second, the evidence was suppressed by the State willfully or inadvertently. And the defendant, whether he was prejudiced because the evidence was material to guilt or punishment, your point, Justice Gates. Evidence is material if there is a reasonable probability that the result of the proceeding would have been different. And our United States Supreme Court has said that a reasonable probability is a probability sufficient to undermine confidence in the outcome. And as the State has already demonstrated, there is no way based on the overwhelming evidence of guilt here that if this evidence is admitted into trial, it would have undermined the confidence in the outcome.  I'm not exactly quite sure what evidence defendant is requesting at a retrial. Because first, all the evidence is in the affidavits is the family member saying, we went to Detective Stewart and we gave him, we made a police report that defendant, we would be defendant's alibis, we were with him that night. Well, we know that those police reports wouldn't come in at trial. And in his brief, defendant makes a point that, well, evidentiary rulings are not to be considered at a post-conviction proceeding. But that's not the issue. The issue is whether they, this evidence that was allegedly suppressed, what effect would it have on retrial? They could have also got up on the stand and provided alibi testimony. And as for, I believe defendant refers to, it's actually the fear of the police. He never points to anywhere where that evidence could come in. And even if these family members were allowed to testify, again, you would look at their credibility at a trial compared to all the overwhelming evidence of guilt here. And the people posit that as a matter of law, this would not undermine the trial court's finding of guilt. And unless there's any more questions, I can wrap up. Justice Welch or Justice Gates, any final comments? No questions. No questions. Thank you, Your Honor. For all these reasons, the people respectfully request that this honorable court affirm the decision of the post-conviction court dismissing the defendant's second amended successive post-conviction petition. Thank you. Thank you, Ms. Harrington. Mr. Jackson, go right ahead with your rebuttal. Thank you. So the state asks, which evidence? Well, it's basically twofold. It's that these witnesses provided exculpatory written statements and that these witnesses, by doing so, were indicating their willingness and availability to be defense witnesses, but that because of what the police did to them at home, at public, in public, threatening them with incarceration or death or harm, that they, as they say in their affidavits, they then had no interest in being involved. They said they wouldn't even have responded to a subpoena. Now, much of the state's argument would have maybe a little more relevance if this was after an evidentiary hearing. But instead of liberally construing the allegations in favor of Mr. Anthony, the state, as it does in its brief, continues to make negative inferences on top of negative inferences. So, you know, I want to be clear, too. There are several cases that make clear that police misconduct can make witnesses unavailable. People v. Ayala, which is discussed at some more length in the briefing, is an important case for this. But there are others, too. People v. Harper, that, you know, a recantation witness who was coerced to testify falsely was considered a new witness when they come forward with their recantation. Additionally, people v. White, you know, where counsel's attempts to contact the witness don't answer the question of whether the evidence could have been available sooner through due diligence. And so the state says the right test for due diligence, but then tries to turn it into a fundamentally different question. The state tries to say that there's these burdens that he has to show, that he took these steps and that he tried to talk to them, and what these conversations were. And while those are understandable questions, those are the sorts of things that an evidentiary hearing is for. And perhaps the nature of those answers would dictate the outcome of an evidentiary hearing one way or the other. But they do not mean, under these circumstances with these allegations, that this case is just cut off right here. Mr. Jackson, this was a successive post-conviction petition. This wasn't even a post-conviction petition. I mean, how does your client explain the fact that these affidavits didn't surface earlier in the post-conviction petition? So the witnesses themselves say that they would have come forward sooner, but for their fear, their terror. And the state points out that they don't say, you know, what changed or why now. But I just want to point to the case People v. White, which is on page 12 of the reply brief. During the pleading stages, which this is, a newly discovered witness is not required to explain why they are coming forward now and did not sooner. And so, again, maybe in an evidentiary hearing that would matter more, but for our purposes here at the second stage, that doesn't matter. We still at the second stage have to find newly discovered evidence. Yes. Yes. You said newly discovered witness. That was a known witness. Not newly discovered. When did they discover it? Just after? So, again, newly discovered is a little bit of a term of art. As I discussed a little bit in the reply brief, the cases show that really availability is the touchstone. Right? You see that in the Fifth Amendment context, which is not a Fifth Amendment unavailability. This is a police coercion, police intimidation, retribution type of unavailability. You're using availability in a different term, aren't you? They were always available, just so they weren't caught. They're saying they were not available. They're saying they were in a different state or where were they? They don't say that, but those are questions that could be answered in an evidentiary hearing, quite frankly. Which we know probably is not. They were not. They were available, probably. Do you have evidence that they were in a different state or hidden or anything like that? I do not, Your Honor. It's not in the record currently. Okay. But I just want to repeat that that is not, you know, those are holes that can be poked in the case, but that is not the sort of showing that is necessary to advance to an evidentiary hearing to explore the greater context of this and some of these details. So, again, I see I'm at time. I'm happy to answer more questions if there are any, but these witness affidavits taken as true show that they were unavailable and that they could not have been made available at the time of trial and that it is only now or, frankly, almost 13 years ago when this petition was filed in the circuit court, and that is why they are new witnesses. But for the reasons in the briefs and here today, Mr. Anthony does respectfully ask that this court reverse and remand for an evidentiary hearing on the Brady claim and additionally on the actual innocence claim. Thank you, counsel. Before we wrap up, Justice Gates or Justice Welch, do you have any final questions? No. No. Well, thank you, counsel. We will take the matter under advisement. We will issue an order in due course. This finishes our oral arguments for the day.